The Honorable Kay O'Connor State Senator, 9th District State Capitol, Room 521-S Topeka, Kansas 66612-1504
Dear Senator O'Connor:
You request our opinion regarding "the constitutionality of a unified school district charging tuition or special fees to the families of `out district' students which do not offset a cost."
State statute requires, with some limited exceptions, that a child between the ages of seven and 18 years of age attend school.[1] The child is eligible for attendance in the unified school district in which the parent or person acting as parent resides.[2] The board of education of any other school district may permit a nonresident child to attend school within its district.[3] Such attendance may be allowed by agreement between the sending school district and the receiving school district or may result from the unilateral approval of the receiving district.[4]
Section 6 of Article 6 of the Kansas Constitution states that "[n]o tuition shall be charged for attendance at any public school to pupils required by law to attend such school, except such fees or supplemental charges as may be authorized by law." When construing K.S.A. 72-1046,72-1046a, and 72-1111 together, it is determined that a pupil between the ages of seven and 18 years of age is required to attend school in the district in which the pupil's parent or person acting as parent resides. A pupil may attend school in another district only if the receiving school district allows such attendance. Because a pupil is not required by law to attend school in a district in which a parent or person acting as parent does not reside, the prohibition in Section 6 of Article 6 does not apply to a receiving school district. Charging tuition or fees to a nonresident pupil, therefore, does not violate Article 6, Section 6 of the Kansas Constitution, and K.S.A. 72-1046a does not, by authorizing a receiving school district to charge a nonresident pupil "for attendance at school to offset, totally or in part, the costs of providing such attendance," confer authority that violates the Kansas Constitution. We affirm the conclusion expressed in Attorney General Opinion No. 98-31.
While your request regards the constitutionality of charging for attendance, the issue appears to be more a matter of statutory authority. Responsibility for paying the costs of educating a pupil shifts depending on the type of action that allows a nonresident pupil to attend school in a receiving school district. If such attendance results from an agreement between the districts, the pupil "shall not be charged for attendance at school."[5] The sending school district remains responsible for paying the costs of the pupil's attendance in accordance with the provisions of the agreement between the two districts.[6]
A board of education that unilaterally permits a nonresident pupil to attend school may do so without charge to the nonresident pupil or "may charge such pupils for attendance at school to offset, totally or in part, the costs of providing for such attendance."[7] Any payment of these charges is deposited in the general fund of the receiving school district.[8] The payments are deemed to be "local effort" for purposes of the school finance formula.[9]
The State Board of Education determines the entitlement of state financial aid for each school district.[10] A rudimentary explanation of the entitlement is that it is a compilation of base state aid per pupil multiplied by the district's adjusted or weighted enrollment.[11]
Local effort is then subtracted from the entitlement in order to determine the amount of state financial aid that will be paid to the school district.[12] If the amount of local effort exceeds the amount of entitlement as determined by the State Board, the school district does not receive any state financial aid.[13] "If the amount of the district's local effort is less than the amount of state financial aid determined for the district for the school year, the state board shall subtract the amount of the district's local effort from the amount of state financial aid. The remainder is the amount of general state aid the district is entitled to receive for the current school year."[14] Any charges paid by a nonresident pupil are deemed to be local effort of the district and are, therefore, subtracted from the amount of general state aid to which the receiving school district is entitled.
Any charges made by a receiving school district against a nonresident pupil pursuant to K.S.A. 72-1046a are intended to offset, totally or in part, the costs incurred by the receiving district in providing for the nonresident pupil's attendance. An "offset" is "[a] deduction; a counterclaim; a contrary claim or demand by which a given claim may be lessened or canceled. An `offset' may be defined as a claim that serves to counterbalance or to compensate for another claim."[15] By requiring that any charges received from a nonresident pupil who is attending school due to the unilateral action of the receiving school district be deposited in the receiving school district's general fund and counted as local effort, the Legislature has clearly shown that the charges are intended to offset any general state aid to which the receiving school district is otherwise entitled due to the nonresident pupil's attendance. A receiving school district may not retain both the charges received from a nonresident pupil for the pupil's attendance in the receiving school district and the general state aid based on that pupil's attendance. If a receiving school district has accepted general state aid based on the nonresident pupil's attendance, the receiving school district may not charge the nonresident pupil for the costs of attendance unless the general state aid is accordingly reduced.
Because your request regards "special fees," it is necessary to review charges that may be assessed pursuant to K.S.A. 72-5390:
 "(a) The board of education of any school district may prescribe, assess and collect fees and supplemental charges for:
 "(1) The use, rental or purchase by pupils of any of the items designated in K.S.A. 72-5389,[16] and amendments thereto, to offset, in part or in total, the expense of purchasing such items; and
 "(2) participation in activities, or the use of facilities, materials and equipment, which participation or use is not mandatory, but optional to pupils, whether incidental to curricular, extracurricular or other school-related activities."
"A statute is presumed constitutional, and all doubts must be resolved in favor of its validity."[17] While Article 6, Section 6 of the Kansas Constitution prohibits a school district from charging tuition, it does allow a school district to charge "fees or supplemental charges as may be authorized by law." "Tuition" is "[a] fee for instruction, esp. at an institution for learning."[18] The Legislature has recognized that the costs of providing the items in K.S.A. 72-5389 are not tuition, but rather are fees or supplemental charges that may be charged by a school district. The same is true when considering the costs of a pupil's participation in nonmandatory activities. The Kansas Constitution, by prohibiting a school district from charging tuition, precludes a school district from charging for instruction. Workbooks, specialized clothing, towels, musical instruments, instructional materials and supplies and the use of facilities and equipment in nonmandatory activities may reasonably be viewed as items, instruments, or means that assist in the application of the instruction. The items themselves do not constitute instruction. The charges that may be assessed pursuant to K.S.A. 72-5390 do not violate Article 6, Section 6 of the Kansas Constitution.
Charges received from a pupil pursuant to K.S.A. 72-5390 may be deposited in a revolving fund established pursuant to subsection (b) or (c) of K.S.A. 72-5390. Monies in revolving funds are then used for purchasing replacement items. If the monies are not deposited in a revolving fund, they become part of the school district's general fund and are considered reimbursements under the School District Finance and Quality Performance Act.[19] K.S.A. 72-1046a and 72-5390 were amended in the same legislative act,[20] yet provide for different treatment of the funds received under each statute. Charges received under K.S.A.72-1046a are intended to offset the costs of the nonresident pupil's attendance and are counted as local effort while charges received under K.S.A. 72-5390 may be deposited in either a revolving fund of the receiving school district or in the district's general fund, deemed as being reimbursements to the receiving school district. Because charges assessed pursuant to K.S.A. 72-5390 are not intended to offset the costs of the nonresident pupil's attendance, the receiving school district may receive payment of charges from a nonresident pupil for those items listed in K.S.A. 72-5389 and 72-5390 while retaining any general state aid based on the pupil's attendance in the receiving school district.
In review, any charges collected from a nonresident pupil by a receiving school district pursuant to K.S.A. 72-1046a are intended to offset the costs of the nonresident pupil's attendance. A receiving school district may not retain both the charges paid by a nonresident pupil for the pupil's attendance in the receiving school district and the general state aid based on that pupil's attendance. If a receiving school district has accepted general state aid based on the nonresident pupil's attendance, the receiving school district may not charge the nonresident pupil for the costs of attendance unless the general state aid is accordingly reduced. Because charges assessed pursuant to K.S.A. 72-5390
are not intended to offset the costs of the nonresident pupil's attendance, the receiving school district may receive payment of charges from a nonresident pupil for those items listed in K.S.A. 72-5389 and72-5390 while retaining any general state aid based on the pupil's attendance in the receiving school district.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
PK:JLM:RDS:jm
[1] K.S.A. 72-1111.
[2] K.S.A. 72-1046(a).
[3] K.S.A. 72-1046a(a).
[4] Id.
[5] K.S.A. 72-1046a(b).
[6] Id.
[7] K.S.A. 72-1046a(a).
[8] Id.
[9] K.S.A. 72-6410(c).
[10] K.S.A. 72-6416.
[11] K.S.A. 72-6410.
[12] K.S.A. 72-6416(b).
[13] Id.
[14] Id.
[15] Black's Law Dictionary 979 (1979).
[16] Such items include: workbooks and materials which are supplemental to textbooks used in specific courses; specialized clothing and towels for use in physical education, shop, and science courses; musical instruments for use in band or orchestra; instructional materials for the use of technology in specific courses; and materials or supplies which are consumed in specific courses or projects or in which the pupil may retain ownership upon completion of such courses or projects. K.S.A.72-5389.
[17] Blue Cross and Blue Shield of Kansas, Inc. v. Praeger, 75 P.3d 226,254 (Kan. 2003), quoting Mudd v. Neosho Memorial Regional Med. Center,275 Kan. 187, 197 (2003).
[18] Webster's II New Riverside University Dictionary 1242 (1988).
[19] K.S.A. 72-5390(b). The School Finance and Quality Performance Act is located in K.S.A. 72-6405 et seq.
[20] See L. 1993, Ch. 264, §§ 1, 2.